HENRY HARMON v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 7, 1900.)

1. NEW TRIAL—*Remanding Order—Jurisdiction.* Where a case is, by the
supreme court of this Territory, reversed and remanded to the
court in which the original trial is had, on account of the ad-
mission of improper testimony, or the rejection of proper and com-
petent testimony, or for errors committed during the trial, and
the remanding order contains no instruction as to granting a new
trial, the remanding of the cause gives the court below jurisdic-
tion to re-try the cause.

2. JURORS—*Manner of Drawing.* Under the laws of this Territory regu-
lating the drawing of jurors, the fact that three names which were
drawn from the jury box were known to be at the time of the
drawing non-residents of the Territory, and were for this rea-
son destroyed, and three other names drawn from the box as a
part of the same drawing, and in the manner prescribed by law,
will not render the jury so drawn, an illegal jury.

3. INDICTMENT—*Original Lost—Trial Upon Certified Copy.* Section 1587
chapter 19, of the Statutes of this Territory of 1893, provides that
where proof is made that the original indictment is lost, the court
may order the case to proceed to trial on a certified copy to be
made by the clerk from the indictment record, and such certified
copy of the indictment record shall have the same validity and
effect as the original indictment.

4. CRIMINAL LAW—*Statement of Prosecuting Witness—When Competent.* In
an indictment for an assault with intent to commit rape, it is
competent for the prosecutrix to testify as to the parties to whom
she complained recently after the offense was committed.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before
Jno. H. Burford, District Judge.*

*Sterling P. King* and *Frank A. Hutto,* for plaintiff in error.

*Robert A. Lowry,* for defendant in error.

### STATEMENT OF THE CASE.

This is an indictment found by the grand jury of Payne county in November, 1895, charging the defendant, Henry Harmon, with an assault upon one Daisy Yantis, with the intent to commit the offense of rape. The defendant was tried and convicted and sentenced to five years in the penitentiary. An appeal was taken to the supreme court, and in January, 1897, the case was reversed and remanded. The remanding order contained no instructions about the granting of a new trial.

On November 23, 1897, the case was called up in the district court. The defendant objected to going to trial for the reason that, as the remanding order contained no instructions that the district court should grant a new trial, the district court had no power to do so, and try the case. This objection was overruled by the court. The defendant withdrew his plea of not guilty, and filed a demurrer. The court overruled the demurrer, and the cause was continued for the term.

At the next term of court for Payne county, fixed by the supreme court for the 3rd day of May, 1898, owing to the high water, the judge did not reach Stillwater until May 4, 1898. The sheriff opened court on May 3, and adjourned to May 4, 1898, as provided by statute. May 4, the judge convened the term, and held a term of court lasting several days. On May 17, the prosecution filed a motion for an order of the court requiring

the clerk to make the record speak the truth. The original indictment being lost, they wanted to use a copy. Over the objection of defendant, the motion was heard, and order made ordering the clerk to make a copy, or what purported to be a copy, of the indictment, The prosecution then made application to try the defendant on the certified copy thus made. The defendant filed written objections to being tried on the copy made by the prosecution. The court overruled the objection, and ordered the case tried on the copy so made.

Thereupon the defendant filed a challenge to the jurors, for the reason that they were not properly drawn. The court overruled the challenge, and ordered the trial of said cause. The defendant again made objections to going to trial. The objection was overruled.

After hearing the evidence, and being instructed by the court, the jury returned into court a verdict finding the defendant guilty as charged in the indictment, of an assault with intent to commit rape. A motion for a new trial having been filed, and overruled, to which the defendant excepted, the court sentenced defendant to five years in the territorial prison, at Lansing, Kansas, which was excepted to by the defendant, assigned as error, and the cause brought here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error on which it is alleged by counsel for plaintiff in error that this cause should be reversed, is that it was improper for the district court to grant a new trial and retry this cause, for the reason that the mandate or remanding

order from the supreme court, contained no specific in
structions to that effect.  We think it is the law that
the mere remanding of a case to the district court by
the supreme court, where the case is reversed by reason
of the admission of improper testimony, or the rejection
of competent and legal testimony, or for errors occurring
during the trial, is sufficient authority for the district
court to retry the case, as the intention of the supreme
court that this should be done is manifest by the mere
remanding of the case. And we think it was not error for
the district court to retry this case under the circum-
stances as shown by the records.

The next assignment of error urged by the plaintiff
in error for a reversal of the case, is that the court
allowed the case to proceed upon a certified copy of the
indictment record; proof having been made that the
original indictment was lost.  We have examined the
record and think that the evidence introduced was
clearly sufficient to warrant the court in taking this ac-
tion in the case, and that such decision of the court
was fully authorized by section 1587, chapter 19, page
370, of the Laws of 1893, and that such action was not
error.

The next objection urged is that the term of the dis-
trict court for Payne county was fixed by the supreme
court for the 3rd day of May, 1898, and as the court, on
account of bad weather, was unable to get there, and
that he did not get there until the 4th day of May, that
consequently the term was illegal, and that the court had
no jurisdiction to try this cause at that term.   We
think this contention cannot be sustained, for the reason

that in this Territory we have a clear and express stat-
ute authorizing the sheriff of the county to open the
court and adjourn the same from day to day, for three
days, in the absence of the presiding judge, to hold the
court. We find nothing in this act which is at all in con-
flict with the Organic Act, and hence we think there
is no error in the sheriff opening court on May 3, and
adjourning the same until May 4.

Another objection urged, is that the court overruled
the defendant's challenge to the panel of jurors. The
record discloses that at the time of the drawing of the
jury, it was discovered by those making the drawing
that three names drawn out of the box were the names
of parties known to be non-residents of the Territory,
and the slips containing these names were destroyed,
and others drawn in their stead. Now, while this act
on the part of the persons entrusted with the drawing of
the jury, was unauthorized by law, and in excess of their
authority, we are inclined to the belief that such action
could in no way have prejudiced the rights of the de-
fendant, as the record develops that the names which
were drawn, in lieu of those rejected, were the names
that would have been drawn if the law had been strictly
complied with; that is, if the non-residents whose names
were drawn had been delivered to the sheriff and he had
made the return that such parties were non-residents,
it would have necessitated another drawing, from the
box, and the identical names which were in this case
drawn, would have been drawn, and such a proceeding
would have made no change in the personnel of the
jury. The record shows that the requisite number of
jurors were drawn in the regular manner and legal way

prescribed by the statute, therefore, we think, that this action of the officers drawing the jury, in no way jeopardized the rights or affected the interests of the defendant.

Another objection urged is, that the prosecutrix was permitted to put in evidence the particulars of the complaint, and the name of the person who had committed the assault upon her, as made to her husband and her mother some hours after the commission of the crime. We do not think an examination of the record will show that this contention is borne out by the facts. The record shows, on page 48, that there was asked this question:

"Question. At the time you saw your husband did you make any statement to him about what had taken place between yourself and Mr. Harmon? Answer. Yes. sir.

"Q. Did you make a statement fully of what Harmon attempted to do? A. Yes, sir."

We think that these questions and answers were competent, under the rule adopted by the court in this class of cases. It would not be competent for the witness at the time to go into details and describe just what was said between her and her husband, but the fact that she complained to him, and complained of the particular crime charged, and of the person charged with the crime, is competent evidence. In this case these questions and answers only amount to a complaint against this person of this particular offense.

It is also urged as an objection by the defendant that other witnesses were allowed to testify, over the objec-

tion of the defense, that the prosecutrix complained to them of the offense, soon after the commission of the crime.

We have examined the record, and fail to see that there is any error in the testimony of the husband of the prosecutrix, or of the mother, Mrs. Naomi Knox. It appears from the record that none of these witnesses were permitted by the court to go into the details of these conversations they had with the prosecutrix, at the time she made the complaints to them, of this defendant, and of this offense, but were confined to the mere fact that she complained to them, which we think was clearly competent under the well established rules in these cases.

It is also urged as an objection that the prosecuting attorney made improper remarks and statements to the jury concerning the defendant, in his closing argument. We have examined the record and find no statement which we think could have to any extent prejudiced the jury in regard to the case. It is urged that the testimony in this case has been held to be incompetent in the case of *Sowers v. The Territory*, 6 Okla. 436. We think an examination of that case fails to sustain that contention. The point in that case, and from what is quoted therefrom by counsel for plaintiff in error in this case, simply holds that the prosecution must be corroborated as to material facts in the case, and that proof that the defendant had sexual intercourse with her, is not corroborative of her story that he raped her. We fail to see how this language can have any application to the facts in this case as shown by the record.

We think, on the whole, that the testimony contained in this record, was sufficient to warrant the jury in the verdict rendered.

We have examined the instructions of the court, as given at the trial, and believe that they correctly state the law, and that the verdict rendered in this case is supported by both the law and the evidence in the case; and, as we believe, there is no error in the verdict of the jury, or in the rulings of the court, the decision of the court below will be affirmed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.